IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION     RECEIVED

| | | |
|---|---|---|
| RUSSELL E. GARNER, | * | 2006 AUG 30 P 3: 50 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NUMBER: 1:06cv781- |
| | * | JURY DEMAND |
| PROGRESSIVE DIRECT INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |

## ANSWER

COMES NOW Defendant Progressive Direct Insurance Company, by and through the undersigned attorney, and for answer to the Complaint says as follows:

1. This Defendant admits that Plaintiff seeks the amount stated therein, but denies liability accordingly.

2. Admitted.

3. Admitted.

4. Admitted.

5. This Defendant denies paragraph 5 of the Complaint.

6. This Defendant denies paragraph 6 of the Complaint.

7. This Defendant denies paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.



10. Admitted subject to the terms and conditions of the applicable insurance policy.

11. Admitted.

12. This Defendant denies paragraph 12 of the Complaint.

13. This Defendant denies paragraph 13 of the Complaint.

14. This Defendant denies paragraph 14 of the Complaint.

15. This Defendant affirmatively avers that any liability against it is restricted and limited by the terms and conditions of any applicable insurance policy, including but not limited to monetary limitations upon recovery, and this Defendant hereby pleads the entirety of all such limitations and restrictions, including monetary limitations, as if set forth completely herein.

16. This Defendant affirmatively avers that Plaintiff was not legally entitled to recover damages against the alleged tortfeasor and thus is not entitled under applicable law to contractual benefits as alleged herein.

17. This Defendant affirmatively avers that Plaintiff negligently caused or contributed to cause the accident and is barred from all recovery by contributory negligence.

18. This Defendant affirmatively avers that Plaintiff was exceeding the applicable speed limit and was passing in a zone for which passing was prohibited, and was negligent in causing or contributing to cause the accident, and Plaintiff is barred from recovery by contributory negligence.

19. This Defendant affirmatively avers that Plaintiff had the last clear chance to avoid the accident yet failed to do so.

20. This Defendant affirmatively avers sudden emergency not attributable to the Defendant.

21. This Defendant affirmatively avers set-off for all monies received by or available to the Plaintiff as a direct or indirect result of the accident in question.

22. This Defendant affirmatively avers set-off for any liability insurance proceeds potentially available in this case.

23. This Defendant affirmatively avers intervening or superseding causation for the accident in question.

24. This Defendant affirmatively avers assumption of the risk of the Plaintiff.

25. This Defendant pleads the general issue.

26. This Defendant reserves the right to supplement this Answer as discovery progresses in this case, as allowed by law.

27. This Defendant affirmatively asserts and demands that all issues herein be decided by a struck jury.

_____
ALEX L. HOLTSFORD, JR. (HOL048)
Attorney For Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

David W. Rousseau
Attorney For Plaintiff
211 W. Adams Street
Dothan, Alabama 36303

    This the __30__ day of August, 2006.

_____
OF COUNSEL