**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

March 2, 2007

# NOTICE OF CORRECTION

**From:  Clerk's Office**

**Case Style:   Garner v. Progressive Direct Insurance Company**

**Case Number:   1:06-cv-00781-MHT**

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached by E-Filer to include the date and electronic signatures.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 11   filed on   February 28, 2007.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUSSELL E. GARNER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NUMBER: 01:06cv781-MHT |
| | * | |
| PROGRESSIVE DIRECT INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |

**MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Progressive Direct Insurance Company, by and through the undersigned attorney, and respectfully requests that this Court grant summary judgment in its favor against all claims in this case, pursuant to Rule 56 of the *Federal Rules of Civil Procedure.*

The undisputed facts which are relevant to this motion are primarily from the Complaint. On August 9, 2004, Plaintiff Russell E. Garner alleges that he suffered personal injury in an automobile accident, caused by the negligence or wantonness of an uninsured motorist, Cindy R. Greene. Plaintiff elected to file a lawsuit on August 8, 2006, in Dale County, Alabama. The lawsuit was subsequently removed to Federal Court, based upon diversity of citizenship. The Plaintiff did not ever file a lawsuit or attempt to establish legal liability against the uninsured motorist, Cindy R. Greene.

The claim for uninsured motorist coverage is interpreted by Alabama law pursuant to Ala. Code Section 32-7-23. That statute requires that a claimant establish that he or

she is "legally entitled to recover damages from owners or operators of uninsured motor vehicles" when attempting to seek uninsured motorist benefits from his or her own carrier.

Since the development of uninsured motorist coverage, the appellate courts in Alabama have interpreted that requirement in different ways. However, in Ex parte Carlton, 867 So.2d 332 (Ala. 2003), the Alabama Supreme Court created a very strict interpretation of that phrase, and returned to the strict requirement that a claimant establish legal liability against the uninsured tortfeasor before attempting to claim uninsured or underinsured motorist benefits.

This issue was clarified more completely recently by the Alabama Court of Civil Appeals, in State Farm Mutual Automobile Insurance Company v. Mason, _____ So.2d ____, 2007 Ala.Civ.App. Lexis 31 (Ala.Civ.App. 2007). That opinion followed a similarly strict interpretation of the phrase "legally entitled to recover damages" set forth by the Alabama Supreme Court in Continental National Indemnity Company v. Fields, 926 So.2d 1033 (Ala. 2005).

In Continental National Indemnity Company v. Fields, the Plaintiff was injured in an automobile accident, but then subsequently died from an unrelated cause before ever filing a lawsuit. The personal representative then filed a lawsuit for uninsured motorist coverage, arguing that the claim was a contractual claim which services the death of the injured claimant. However, by law, a tort cause of action had been extinguished by the

death of the Plaintiff, creating an argument by the Defendant carrier that the Plaintiff was no longer "legally entitled to recover" damages from the uninsured tortfeasor. The Alabama Supreme Court agreed with the argument, and stated that the failure to file a lawsuit before the death of the Plaintiff created a bar to the tort lawsuit, which also created a complete bar to a claim for uninsured motorist benefits. Therefore, no uninsured motorist benefits were due to be paid, regardless of the fact that the lawsuit for uninsured motorist benefits was brought against the uninsured motorist carrier in a timely manner.

Recently, the Alabama Court of Civil Appeals issued another strict interpretation of that phrase in State Farm Mutual Automobile Insurance Company v. Mason, supra. In that case, the Plaintiff elected to file a lawsuit only against the uninsured motorist carrier, seeking uninsured motorist benefits based upon the alleged negligence of an uninsured tortfeasor. The plaintiff never filed a lawsuit or sought to establish legal liability against the uninsured tortfeasor. Therefore, as argued by the uninsured motorist carrier, the Plaintiff could not establish that he was "legally entitled to recover damages" against the tortfeasor. Because of that failure, the Alabama Court of Civil Appeals agreed with the Defendant, and dismissed the lawsuit by reversing a jury verdict in favor of the Plaintiff. The Alabama Court of Civil Appeals stated that it was bound by the interpretation of the Alabama Supreme Court, which holds that "an insured's legal right to recover is wholly dependent upon the viability of an action against an uninsured motorist." Simply, if the

claimant does not establish legal liability for recovery against an uninsured motorist, he or she cannot seek uninsured motorist benefits from the carrier.

In the case at hand, the Plaintiff has never filed a lawsuit against the uninsured motorist, and now the applicable two year statute of limitations for such a claim based upon negligence has expired. Ala. Code Section 6-2-38. The Plaintiff cannot possibly be "legally entitled to recover damages" against the uninsured motorist.

The strict interpretations by the Alabama Supreme Court and by the Alabama Court of Civil Appeals, as set forth above, are the correct and binding interpretations of the statutory right of recovery of uninsured motorist benefits.

In conclusion, Defendant Progressive Direct Insurance Company respectfully requests that this Court grant summary judgment on all claims by Plaintiff Russell E. Garner. He has not proven that he is "legally entitled to recover damages" from the alleged uninsured tortfeasor, and at this point cannot ever establish a right to recovery from the uninsured motorist because any such claim is barred by the statute of limitations. Therefore, he cannot seek uninsured motorist benefits from this Defendant, pursuant to applicable law.

\a\Alex L. Holtsford, Jr.
ALEX L. HOLTSFORD, JR. (HOL048)
Attorney For Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND
   HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:  (334) 215-8585
Facsimile:  (334) 215-7101

## CERTIFICATE OF SERVICE

     I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

David W. Rousseau
Attorney For Plaintiff
211 W. Adams Street
Dothan, Alabama 36303

     This the 2 day of March, 2007.

                        \s\ Alex L. Holtsford, Jr.
                        OF COUNSEL