IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUSSELL E. GARNER, | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| vs. | * | CASE NUMBER: 01:06cv781-MHT |
| | * | |
| PROGRESSIVE DIRECT INSURANCE | * | |
| COMPANY, | * | |
| | * | |
|    Defendant. | * | |

**RESPONSE BY DEFENDANT TO SHOW CAUSE ORDER**

COMES NOW the undersigned attorney, on behalf of the Defendant, Progressive Direct Insurance Company, and responds to this Court's March 26, 2007 Order as follows:

1. This is a case of first impression. In the answer to Plaintiff's complaint the Defendant affirmatively averred that "the Plaintiff was not legally entitled to recover damages against the alleged tortfeasor." The phrase, "legally entitled to recover damages" was recently scrutinized in a decision by the Alabama Court of Civil Appeals. In *State Farm Mutual Automobile Insurance Company v. Mason*, 2007 Ala. Civ. App. Lexis 31, the issue was whether the two year statute of limitations was a defense that could be asserted by the insurer as a defense to its insured's claim for uninsured motorist benefits. The Alabama Court of Civil Appeals answered that question in the affirmative.

2. The opinion in *State Farm v. Mason* was released on January 12, 2007, some nine days after this court's January 3, 2007 deadline to amend the pleadings. Therefore at the time this Defendant filed its answer and until January 12, 2007 a defense based

upon the two year statute of limitations for tort actions would not have been recognized as a valid, viable defense to the Plaintiff's cause of action.

3. While this Defendant recognizes that this court's September 28, 2006 Scheduling Order imposed a deadline of February 12, 2007 in which to file dispositive motions the filing of Defendant's Summary Judgment Motion on February 28, 2007 has not prejudiced the Plaintiff in any way.

4. Lastly, whether or not this Defendant conducted an investigation to determine fault or whether this Defendant instituted legal action to recover money from the uninsured motorist has absolutely no bearing on the legal issue presented in the Summary Judgment Motion.

WHEREFORE, premises considered, for the reasons set forth in its Motion for Summary Judgment (Doc.11) this Defendant requests the Court to grant summary judgment on all claims presented by Plaintiff, Russell E. Garner.

                                                RESPECTFULLY SUBMITTED,

s/Jeffrey G. Hunter
ALEX L. HOLTSFORD (HOL048)
JEFFREY G. HUNTER(HUN028)
Attorney's for Progressive Direct Insurance Company

OF COUNSEL
Nix, Holtsford, Gilliland,
Higgins, & Hitson, P.C.
P.O. Box 4128
Montgomery, AL  36103
334-215-8585

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing has been served via first class mail, postage prepaid on March 29, 2007 to the following:

David W. Rousseau
211 W. Adams Street
Dothan, Alabama 36303

                                               s/Jeffrey G. Hunter
                                               OF COUNSEL